# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **UNITED STATES OF AMERICA**,  ) | **D.C. CR. NO. 2003-020** |
| Plaintiff/Respondent,  ) | |
| ) | Ref: D.C. CV. NO. 2010-068 |
| )  | |
| v.  ) | |
| )  | |
| **CLEVE-ALLAN GEORGE**,  ) | |
| Defendant/Petitioner.  ) | |
| _____) | |

**Copies to:**
    Ruth Miller, Magistrate Judge
    Ishmael Meyers, AUSA
    Cleve-Allan George, P.O. Box 35, St. Thomas, VI 00804-0035
    George Hodge, Esq.
    Darren John-Baptiste, Esq.

## MEMORANDUM OPINION

**FINCH, Senior Judge.**

    Before the Court for consideration is Petitioner Cleve-Allan George's ("George") *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, the government's opposition, and George's reply[1] thereto. Where, as here, the motion, files and record conclusively

---

    [1] On July 13, 2010, this Court ordered a response to George's Section 2255 motion within 60 days. On, September 13, 2010, Respondent filed its timely response. One month later, on October 13, 2010, George filed a motion for extension of time to reply, and, without a ruling on his motion for extension, filed his reply on November 11, 2010. Although not binding authority, the Court notes the language in *United States v. Crittenton*, CR. No. 03-349-2 and CV. No. 07-3770, 2008 WL 343106, at *2 (E.D. Pa. 2008):

> Under Rule 5(d) of the Rules Governing § 2255 Proceedings, the moving party "may submit a reply to the respondent's answer or other pleading within a time fixed by the judge." No court has held that Rule 5(d) entitles a petitioner to submit a reply under all circumstances. When a court does not request, permit, or require the additional argument that would be contained in a reply brief, § 2255 petitioners are not prejudiced by denial of an opportunity to file such a brief. *See, e.g., Shipley v. United States,* No. 07-2051, 2007 WL 4372996, at *1 (W.D. Ark. Dec.12, 2007) (citing *Arias v. United States,* No. 06-381, 2007 WL 2119050, at *1 (M.D.Fla. July 20, 2007)).

(continued...)

*George v. United States*
D.C. CV. NO. 2010-068
D.C. CR. NO. 2003-020
Memorandum Opinion
Page 2

show that George is not entitled to relief, an evidentiary hearing is not warranted. *See United States v. Nahodil*, 36 F.3d 323, 326; *see also* Rule 8 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

I.  **FACTS AND PROCEDURAL HISTORY**

Insofar as this opinion is written for the parties, only those facts relevant to this discussion will be recited. The Virgin Islands Housing Authority (VIHA) under a HOPE VI grant from the U.S. Department of Housing and Urban Development (HUD) sought bids for the demolition of the Donoe Housing Community, on St. Thomas, U.S. Virgin Islands (the "Donoe site") and awarded the demolition contract to Alvin Williams Trucking & Equipment Rental, Inc. ("Williams Trucking"). Williams Trucking, with the consent of VIHA, subcontracted the asbestos-abatement portion of the project in the amount of $800,000.00 to the Virgin Islands Asbestos Removal Company (VIARCO), a company owned by George.

George and his codefendant directed their project manager to instruct the work crew to use a pressure washer to dislodge asbestos-containing materials from the structures, resulting in a large amount debris-filled wastewater that was pumped into toilets and bathtubs, which soon clogged. The wastewater poured out and accumulated on the buildings' balconies. In response, George constructed a drainage system which permitted the wastewater to flow off the balconies and down

---

¹(...continued)
The Local Rules of Civil Procedure of this Court state that "[a] party shall file a reply, if any, within fourteen (14) days after service of the response." LRCi 7.1(e)(2). George did not file his reply within 14 days, and his request for extension was also untimely. Although the Court is not required to accept George's reply under these circumstances, the Court will afford him the benefit, in this instance, of considering his reply.

*George v. United States*
D.C. CV. NO. 2010-068
D.C. CR. NO. 2003-020
Memorandum Opinion
Page 3

to the ground. When the wastewater evaporated, it left a dusty white residue on the facades of the buildings, surrounding sidewalks and grass.

VIHA sent a noncompliance notice to George notifying him that VIARCO was obligated to monitor airborne concentrations of asbestos by collecting and analyzing air samples from the Donoe site. The notice also indicated that the company had failed to file daily reports detailing the results of its air monitoring, as required by the project specifications. The following day, twelve air-monitoring reports were delivered to VIHA.

An air-quality specialist with the Virgin Islands Department of Planning and Natural Resources (DPNR) subsequently visited the Donoe site and observed liquid seeping from a trailer used to store removed asbestos-containing material; workers using shovels to remove chunks of dry asbestos-containing ceiling material from apartments, causing visible emissions to emanate from the material; and unprotected workers covered in white powder. Shortly thereafter, DPNR issued a stop-work order, shut down the project, and referred the matter to the Environmental Protection Agency ("EPA") for further investigation.

The EPA's Criminal Investigation Division executed a search warrant at George's codefendant's office in Georgia and seized copies of the twelve air-monitoring reports that were transmitted to VIHA. The layered fax-header information on the copies indicated that George had faxed blank air-monitoring report forms to his codefendant who then faxed the completed forms back to George approximately seventeen minutes later.

In a sixteen-count indictment in the District of the Virgin Islands, George was charged as follows: Counts One through Four of the indictment charged the defendants with knowingly

*George v. United States*
D.C. CV. NO. 2010-068
D.C. CR. NO. 2003-020
Memorandum Opinion
Page 4

violating EPA work-practice standards for the handling and disposal of regulated asbestos-containing material, 40 C.F.R. §§ 61.145, 61.150, subjecting them to criminal liability under the Clean Air Act, 42 U.S.C. §§ 7412 and 7413(c)(1).  Counts Five through Sixteen charged them with knowingly and willfully making materially false, fictitious or fraudulent statements and representations in a matter within the jurisdiction of the executive branch of the United States by transmitting twelve falsified air-monitoring reports to VIHA, in violation of 18 U.S.C. § 1001(a). Each count of the indictment also charged George with aiding and abetting in the commission of the underlying substantive offense.  *See* 18 U.S.C. § 2.

After a jury trial in June 2005, George was found guilty on all counts.  George's presentence investigation report (PSR) reflected a base offense level of eight (8) under U.S. SENTENCING GUIDELINES MANUAL ("U.S.S.G.") § 2Q1.2 and recommended a six-level enhancement under U.S.S.G. § 2Q1.2(b)(1)(A), a four-level enhancement under U.S.S.G. § 3B1.1(a), and a two-level enhancement under U.S.S.G. § 3B1.3.  George, therefore, received a total offense level of twenty and a criminal history category of I, which yielded an advisory U.S.S.G. range of thirty-three to forty-one months imprisonment.  The Court, noting that George's acts were more egregious than his codefendant's, nonetheless imposed on George the same sentence that it had imposed on his codefendant, that is, *inter alia*, thirty-three months imprisonment.  George appealed.

On September 24, 2009, the Court of Appeals for the Third Circuit ("Court of Appeals") affirmed George's conviction holding that:

> (1) the evidence was sufficient to support finding that defendant was an operator of asbestos-abatement project within meaning of Clean Air Act, as required to support conviction for violating EPA work-practice standards;

*George v. United States*
D.C. CV. NO. 2010-068
D.C. CR. NO. 2003-020
Memorandum Opinion
Page 5

> (2) the evidence was sufficient to support a conviction for knowingly and willfully transmitting falsified reports;
>
> (3) the testimony of the EPA's technical coordinator regarding samples of ceiling materials that contained unacceptable levels of asbestos was admissible, though the samples were from a structure on a project site in which defendants had not worked and were taken approximately one year after the conduct charged in the indictment;
>
> (4) the imposition of an enhancement to defendant's base offense level under the U.S.S.G. for being an organizer or leader of criminal activity involving five or more participants was procedurally reasonable;
>
> (5) the defendant held a position of trust within the meaning of the U.S.S.G. providing for an enhancement to the base offense level for abuse of a position of trust; and
>
> (6) the District Court adequately considered the statutory sentencing factors in sentencing defendant.

*United States v. Starnes*, 583 F.3d 196 (3d Cir. 2009).

## II.   DISCUSSION

Prisoners in federal custody[2] may seek to vacate, set aside or correct their sentences pursuant to 28 U.S.C. § 2255. As the United States Supreme Court has made clear, "the general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice. The procedural-default rule is neither a statutory nor a constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect

---

[2] George is currently on supervised release. "Custody" includes both actual confinement and a period of supervision. *See Kumarasamy v. Att'y Gen. of U.S.*, 453 F.3d 169, 172 (3d Cir. 2006) ("[I]n the criminal context, an individual who is on parole or released on his or her own recognizance is deemed in custody because of the significant restrictions imposed on his or her freedom.").

*George v. United States*
D.C. CV. NO. 2010-068
D.C. CR. NO. 2003-020
Memorandum Opinion
Page 6

the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 504 (2003) (internal citations omitted). Claims of ineffective assistance of counsel can, however, be raised for the first time in a Section 2255 motion. *Id.* at 503-04.

In laying the foundation for his motion pursuant to Section 2255, George posits that because of his conviction, he is precluded from exercising his Second Amendment right to bear arms; run for elected office; hold certain types of professional licences; obtain other federal or local government contracts, or participate in the bidding process; and precluded from obtaining certain business licences. (Mem. in Support of § 2255 Mot. at 2.) The gravamen of the instant motion is ineffective assistance of counsel.

George alleges: 1) that there was an irreconcilable attorney-client conflict and that his counsel[3] was incompetent, fraudulent, and ineffective in his legal representation, and this Court placed him in an unconstitutional position of continuing trial with incompetent counsel or proceeding *pro se* when the court had been notified of the "dysfunctional" and "irreconcilable" attorney-client relationship, (*id.* at 7-10, 13-14); 2) that his Fifth and Sixth Amendment rights were violated when trial counsel, George Hodge, Esq. ("Hodge") did not allow him to testify in his own defense at trial, (*id.* at 10-11); 3) that Hodge failed to present a complete defense or subject the prosecution's case to an adversarial testing, (*id.* at 12); and 4) that there was "fraudulent legal

---

[3] The following attorneys represented George in the various stages of the proceedings before this Court:
    1) A Jeffrey Weiss, Esq. at the preliminary hearing, arraignment and plea;
    2) George Hodge, Esq. at trial;
    3) Frank Jackson, Esq. at sentencing; and
    4) Darren John-Baptiste, Esq. on appeal.
George's other Criminal Justice Act ("CJA") counsel of record in this matter were, Judith Bourne, Esq., Eric Horstmeyer, Esq., and Charles Engeman, Esq.

*George v. United States*
D.C. CV. NO. 2010-068
D.C. CR. NO. 2003-020
Memorandum Opinion
Page 7

representation" by Darren John-Baptiste, Esq. ("John-Baptiste") on appeal due to his failure to raise "[m]ost if not all . . . claims" presented in the instant Section 2255 motion, (*id.* at 13).

Collateral review under § 2255 is not a substitute for direct review, but it serves as a vehicle to cure jurisdictional errors, constitutional violations, proceedings that resulted in a "complete miscarriage of justice," or events that were "inconsistent with the rudimentary demands of fair procedure." *United States v. Timmreck*, 441 U.S. 780, 784 (1979); *see also United States v. Frady*, 456 U.S. 152, 165 (1982); *United States v. Addonizio*, 442 U.S. 178 (1979); *United States v. Cepero*, 224 F.3d 256, 267 (3d Cir. 2000); *United States v. Essiq*, 10 F.3d 968 (3d Cir. 1993). Thus, where a petitioner failed to raise a claim on direct review, § 2255 relief is available only if the petitioner establishes "cause" for the default and "prejudice" resulting from the constitutional error. *See Schlup v. Delo*, 513 U.S. 298, 338 (1995) (citing *Murray v. Carrier*, 477 U.S. 478, 492 (1986)). While constitutionally ineffective assistance of counsel is "cause," attorney error short of ineffective assistance of counsel does not constitute cause and will not excuse a procedural default. *McCleskey v. Zant*, 499 U.S. 467, 494 (1991). "Prejudice" requires a showing that the alleged error "so infected the entire trial that the resulting conviction violates due process." *Frady*, 456 U.S. at 169 (quoting *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977)). "The *Carrier* Court, however, left open the possibility that in a truly extraordinary case, a federal habeas court might excuse a failure to establish cause and prejudice where 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Schlup*, 513 U.S. at 338 (quoting *Murray*, 477 U.S. at 496). "Actual innocence" requires more than merely establishing the existence of reasonable doubt, but rather, a petitioner is required to show that no reasonable juror would have found him

*George v. United States*
D.C. CV. NO. 2010-068
D.C. CR. NO. 2003-020
Memorandum Opinion
Page 8

guilty. *Schlup*, 513 U.S. at 329.

### A. Applicable Legal Standards

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that: (1) his counsel's performance fell below an objective standard of reasonableness, and (2) there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See Strickland,* 466 U.S. 668, 686 (1984). In applying *Strickland*, "the court is not engaging in a prophylactic exercise to guarantee each defendant a perfect trial with optimally proficient counsel, but rather to guarantee each defendant a fair trial, with constitutionally competent counsel." *Marshall v. Hendricks*, 307 F.3d 36, 90 (3d Cir. 2002).

On the first *Strickland* prong, a petitioner must show that, considering the facts of the case, his counsel's challenged actions were unreasonable. *Strickland,* 466 U.S. at 690. The Court must, therefore, review George's claims under the "strong presumption" that counsel's conduct falls within the "wide range of reasonable professional assistance," that is, George must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id. at* 688. Under the second prong, George must show prejudice from his attorney's errors, that is, a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id. at* 694. A reasonable probability means a probability "sufficient to undermine confidence in the outcome." *Id*.

### B. Application of Law to Facts

1. Attorney-Client Relationship

George avers that there was an irreconcilable attorney-client conflict, and that his counsel

lacked adequate knowledge of the law relating to the Clean Air Act and was, therefore, incompetent, fraudulent and ineffective in his legal representation. He further avers that this Court failed to conduct an adequate "good cause" inquiry into his request for new counsel, thereby placing him in an unconstitutional position of continuing trial with "incompetent" counsel or proceeding *pro se* when the court had been notified of the "dysfunctional" and "irreconcilable" attorney-client relationship. Thus, George contends that he was constructively denied counsel, and requests that the Court grant him a new trial with "competent," "loyal," and "conflict free" representation. (George's Reply at 2, 4.) The Government avers that George has offered only unsupported assertions with no evidence to support his claim that counsel was ineffective because of his knowledge of the law. Because these two (2) issues are inextricably linked, the Court will address them together.

It is well established that a petitioner bears the burden of proof in demonstrating ineffective assistance of counsel. *See United States v. Baynes*, 622 F.2d 66, 69 (3d Cir. 1980). Vague and conclusory allegations contained in a § 2255 motion may be disposed of without further investigation by the District Court. *See United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000).

  *a. Lack of knowledge of the law*

George simply claims that his counsel lacked adequate knowledge of the law. George does not argue or elaborate on what specific errors he believes counsel, George, made to allow the Court to determine whether those errors fell below an objective standard of reasonableness under *Strickland*. Instead, George has given the Court a "laundry list" of legal errors, and he essentially asks

*George v. United States*
D.C. CV. NO. 2010-068
D.C. CR. NO. 2003-020
Memorandum Opinion
Page 10

the Court to scour the record to construct, not just liberally construe, his § 2255 claims.[4]  This, the Court will not do.  George has failed to allege either error or prejudice under *Strickland*.

      *b. Irreconcilable breakdown of the attorney-client relationship*

George also alleges that the Court failed to adequately conduct an inquiry into the irreconcilable breakdown of the attorney-client relationship between Hodge and himself.  If the petitioner can demonstrate that there was "[a] complete breakdown in communication" between himself and his attorney, *United States v. Soto Hernandez,* 849 F.2d 1325, 1328 (10th Cir.1988), a presumption of ineffectiveness will arise, making it unnecessary for the defendant to satisfy the two-pronged *Strickland* test.  *United States v. Cronic,* 466 U.S. 648, 658, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984).  In addition, George's motion alleges that appellate counsel, John-Baptiste, was ineffective in failing to raise the irreconcilable conflict on direct appeal.

Approximately mid-trial and during the Government's case-in-chief, George made an open court request, after the jury had left the courtroom, for new counsel based on a general dissatisfaction with his trial counsel, which was denied.  (Trial Tr. of 6/22/2005, Vol. 3 (Day 3) at 128-139.)  To demonstrate the irreconcilable breakdown of the attorney-client relationship, George argues in the instant motion that trial counsel failed to obtain experts and failed to investigate and call certain witnesses.  (Section 2255 Mot. at 5.)  George's issues sound more in the nature of a

---

    [4]    *See, e.g., Bembry v. United States*, CV410-037, CR407-154, 2010 WL 5071992, at *2 (S.D. Ga. Oct. 25, 2010) (declining to construct legal claims where a petitioner merely "laundry lists" perceived legal errors and impliedly asks the court to scour the record and construct, not just liberally construe, his § 2255 claims); *Bailey v. United States*, N. 08-CV-1362, 2010 WL 1500882, at *2 (C.D.Ill. April 13, 2010) ("A § 2255 petitioner alleging ineffective assistance of counsel must identify the errors that he claims – the court cannot scour the record on his behalf, searching for potential errors."); *Mandacina v. United States*, No. 97-0572-CV-W-6, 2001 WL 876924, at *3 (July 25, 2001) ("The burden of proof rests upon movant, and the court has no duty to scour the record on his behalf.").

*George v. United States*
D.C. CV. NO. 2010-068
D.C. CR. NO. 2003-020
Memorandum Opinion
Page 11

disagreement regarding trial strategy than a lack of effective communication or irreconcilable conflict, which is generally not a basis for an ineffective assistance of counsel claim. *See generally United States v. Ambort*, 282 Fed. Appx. 714, 717 (10th Cir. 2008) (finding that defendant's refusal to allow his counsel to cross-examine one of the government's witnesses was not a lack of communication, but rather a disagreement regarding trial strategy which generally is not a basis for an ineffective assistance of counsel claim).

The Court of Appeals has held that disagreement over legal strategy does not constitute good cause for substitution of counsel. *See United States v. Gibbs*, 190 F.3d 188, 207 n.10 (3d Cir. 1999) (citing *United States v. Goldberg,* 67 F.3d 1092, 1098 (3d Cir.1995) (defining "good cause" as a conflict of interest, a complete breakdown of communication, or an irreconcilable conflict with the attorney)). The record before this Court simply does not support finding an "irreconcilable conflict" or demonstrate that defense counsel's representation fell below an objective standard of reasonableness for counsel in criminal cases. As such, this Court finds that appellate counsel's failure to raise this issue on direct appeal was not objectively unreasonable. Moreover, even if the Court were to assume for the sake of argument that Hodge's actions violated the first prong of *Strickland*, George would nonetheless fail on the second prong, because the Court does not find prejudice by counsel's failure to do so.

2. Trial counsel presented a complete defense and subjected the prosecution's case to an adversarial testing.

George argues that his trial counsel rendered ineffective assistance by: 1) failing to retain an environmental clean air expert to rebut the Government's case; 2) calling only one witness, who

*George v. United States*
D.C. CV. NO. 2010-068
D.C. CR. NO. 2003-020
Memorandum Opinion
Page 12

was not qualified in the area of the law George was accused of violating; and 3) failing to call fact witnesses who were willing to testify and who had exculpatory fact-based testimony. (Section 2255 Mot. at 8.) Courts have held that a failure to investigate can constitute ineffective assistance of counsel. *McAleese v. Mazurkiewicz*, 1 F.3d 159, 172 (3d Cir. 1993). George does not state with any degree of specificity what exculpatory evidence these witnesses would testify to, but he states that:

> [T]here can be no 'reasonable trial strategy' to simply deliberately refuse to investigate, interview or call <u>available</u>, alibi fact witnesses. Who would have been able to clearly testify under oath what Petitioner actually "[k]new" about the events surrounding the asbestos removal and or manner of disposal and reports preparation. **<u>Elements</u> of both offenses charged**.

(George's Reply at 5 (bold and underlined emphasis in original).)

The Government counters that George: 1) fails to name or even describe the defense that he allegedly was entitled to present; 2) fails to mention the facts or theories an expert would use to refute the Government's evidence and witnesses' testimony; and 3) fails to state what these witnesses would have testified to or how their testimony would be essential and/or beneficial to his case. Therefore, the Government contends that given the lack of evidence to support his claim, George fails to pass the first prong of *Strickland*. The Court agrees.

While the Court must generally accept petitioner's factual allegations as true, bald assertions and conclusory allegations do not afford a sufficient ground for an evidentiary hearing, *Mayberry v. Petsock*, 821 F.2d 179, 185 (3d Cir. 1987), and claims that are devoid of factual support are insufficient to obtain relief under Section 2255, *Zettlemoyer v. Fulcomer*, 923 F.2 284, 301 (3d Cir. 1991). Moreover, the determination whether to call a witness lies soundly with trial counsel, not the defendant. *Government of the Virgin Islands v. Weatherwax*, 77 F.3d 1425, 1434 (3d Cir. 1996).

*George v. United States*
D.C. CV. NO. 2010-068
D.C. CR. NO. 2003-020
Memorandum Opinion
Page 13

Thus, the strategic decision not to call Eustace James, Jamal Benjamin, and Cleve-Allan George, II, former employees on the Donoe site; Georgen Hodge, former secretary of George's company; and a former Donoe site supervisor, Ricardo Reyes, of Florida, falls within the wide range of reasonable professional assistance contemplated by the first prong of *Strickland*. This Court has previously held that "the choice of whether to call an expert witness is one within an attorney's discretion," and the defendant must provide evidence that "'there is a reasonable probability that the result of the proceeding would have been different' had his counsel retained an expert witness." *Robinson v. United States*, No. 08-103, 2009 WL 4110319, at *8 (D.V.I. Nov. 25, 2009) (internal citations omitted).

The Court is mindful that the Constitution does not guarantee a perfect trial, nor does it mandate a flawless performance on the part of counsel. *Government of the Virgin Islands v. Bradshaw*, 726 F.2d 115 (3d Cir. 1984). As the Supreme Court observed in another context:

> We have long recognized ... that the Constitution guarantees criminal defendants only a fair trial and a competent attorney. It does not insure that defense counsel will recognize and raise every conceivable constitutional claim.

*Engle v. Isaac,* 456 U.S. 107, 134 (1982). When a party raises an ineffective assistance claim, the focus must be on the total performance of the attorney.

Having reviewed the arguments of the parties and the trial record, the Court finds that Hodge exercised the customary skills and knowledge that allows this Court to conclude that his conduct was within the wide range of reasonable professional assistance. George has not overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. Having failed to satisfy the first *Strickland* prong, the Court need not examine the second

*George v. United States*
D.C. CV. NO. 2010-068
D.C. CR. NO. 2003-020
Memorandum Opinion
Page 14

prong. However, assuming *arguendo* that the Court had found that George satisfied the first prong, George would nonetheless fail on the prejudice prong where, as here, there was substantial evidence independent of these proposed witnesses to support George's conviction. *Starnes*, *supra* at 5.

    3)     George did not testify in his own defense at trial.

George alleges a violation of his Fifth and Sixth Amendment rights to testify on his own behalf at trial.[5] More specifically, he alleges that he wanted to testify on his own behalf at trial, but his counsel did not to allow him to do so based on a "dysfunctional" attorney-client relationship. (Section 2255 Mot. at 6.)

It is well established that a defendant has the right to testify on his own behalf. *Rock v. Arkansas*, 483 U.S. 44, 53 n.10 (1987); *United States v. Batista,* 483 F.3d 193, 197 (3d Cir. 2007) (citing *United States v. Dunnigan,* 507 U.S. 87, 96 (1993)). At no time during the trial did George inform the trial court – at sidebar or otherwise – that he wished to testify or that his attorney was actively preventing him from doing so. A Section 2255 petitioner's allegation that counsel denied the right to testify "must be supported by more than a 'barebones assertion.'" *Underwood v. Clark*, 939 F.2d 473, 475-76 (7th Cir. 1991). There is no evidence that he was prevented from testifying. "A barebones assertion by the defendant" that he was denied his right to testify is insufficient to require a hearing. *See, e.g., Robinson*, 2009 WL 4110319, at *4 (quoting *D'Amario v. United States,* 403 F. Supp. 2d 361, 371 (D.N.J. 2005)). More specific evidence is required. *See Underwood*, 939

---

    [5]     "The right to testify is also found in the Compulsory Process Clause of the Sixth Amendment, which grants a defendant the right to call 'witnesses in his favor,' a right that is guaranteed in the criminal courts of the States by the Fourteenth Amendment . . . . The opportunity to testify is also a necessary corollary to the Fifth Amendment's guarantee against compelled testimony." *Rock v. Arkansas*, 483 U.S. 44, 52 (1987) (citations omitted).

*George v. United States*
D.C. CV. NO. 2010-068
D.C. CR. NO. 2003-020
Memorandum Opinion
Page 15

F.2d at 476 ("Some greater particularity is necessary – and . . . some substantiation is necessary, such as an affidavit from the lawyer who allegedly forbade his client to testify – to give the claim sufficient credibility to warrant further investment of judicial resources in determining the truth of the claim."); *D'Amario,* 403 F. Supp. at 371 (noting "an affidavit from the lawyer who allegedly forbade his client to testify" is the type of specific evidence requiring a hearing).

Where a defendant is represented by counsel, "the court is entitled to – indeed should – presume that the attorney and the client have discussed th[e] right" to testify. *United States v. Leggett,* 162 F.3d 237, 246-47 (3d Cir. 1998) ("[I]t is defense counsel's responsibility, not the trial court's, to make sure the defendant is informed of the right to testify"). Moreover, a trial court does not have a duty "'to verify that the defendant who is not testifying has waived the right voluntarily.'" *Id.* (quoting *United States v. Pennycooke,* 65 F.3d 9, 11 (3d Cir. 1995)). A direct colloquy with the defendant is necessary only if "exceptional, narrowly defined circumstances" are present. *Pennycooke,* 65 F.3d at 12 (holding defendant's repeated interruption of his trial to express his desire to testify is the type of exceptional circumstance requiring a trial court colloquy). The record does not suggest that any exceptional circumstance existed during the trial which might have required this Court to investigate why George was not testifying.

George does not suggest that he was unaware of his right to testify, but rather, that he was "fearful of the Court" based on his perceptions of the Court when he sought to change trial counsel, and did not want to appear to be disruptive to the Court's orderly proceedings by bringing this "violative conduct" to the Court's attention, particularly in front of the jury. (Section 2255 Mot. at 6-7.) The decision whether to have the defendant testify is a strategic decision generally within a

*George v. United States*
D.C. CV. NO. 2010-068
D.C. CR. NO. 2003-020
Memorandum Opinion
Page 16

lawyer's judgment. *See Leggett,* 162 F.3d at 247. A petitioner must show not only that his lawyer refused to allow him to testify, but also that he was prejudiced by that error. *D'Amario*, 430 F. Supp. 2d at 371.

George's arguments in this Section 2255 motion present no competent evidence indicating his attorney's decision was motivated by anything other than sound professional judgment. *See Robinson*, 2009 WL 4110319, at *5; *see also D'Amario*, 403 F. Supp. 2d at 371 ("If [petitioner's] attorney merely advised him not to testify, that tactical decision certainly would not have fallen below *Strickland's* standard of objective reasonableness.") Accordingly, the Court finds that George has not met his burden of putting forth more than a barebones assertion that he was denied the right to testify. *See, e.g., Donna v. United States*, No. 10-1607, 2011 WL 322636, at *6 (D.N.J. Jan. 31, 2011) (holding that petitioner's supporting affidavits from her son, daughter, and daughter-in-law, all asserting that petitioner was not "asked to testify on her behalf" were vague statements, which combined with petitioner's conclusory assertions, did not provide persuasive evidence that defense counsel actually prevented petitioner from testifying; the record contradicted any such claim; and even if the Court accepted petitioner's unsupported allegations, she had not demonstrated prejudice). Thus, the Court has nothing before it to support a finding that Hodge refused to allow George to testify.

Having thus found, the Court is not required examine the element of prejudice under *Strickland*. However, even if the Court were to accept George's unsupported allegations, he has not made any proffer of specific testimony he would have given that would have led to a different outcome at trial. George has also failed to demonstrate prejudice.

Case: 3:03-cr-00020-RLF   Document #: 386   Filed: 10/26/11   Page 17 of 18

*George v. United States*
D.C. CV. NO. 2010-068
D.C. CR. NO. 2003-020
Memorandum Opinion
Page 17

      4)      Appellate counsel did not provide "fraudulent" representation in failing to raise all issues petitioner deemed meritorious on appeal.

George alleges that appellate counsel provided fraudulent representation in failing to raise most, if not all, claims presented in the instant Section 2255 motion. It is well settled that counsel need not, and should not, raise every non-frivolous claim, but, rather, may select among them in order to maximize the likelihood of success on appeal. *Johnson v. Tennis*, 549 F.3d 296 (3d Cir. 2008) (citing *Smith v. Robbins,* 528 U.S. 259, 288 (2000)). Understanding that counsel need not raise every possible claim on appeal, this Court cannot find on this record that George's appellate counsel provided constitutionally ineffective assistance. Again, having failed to demonstrate that counsel's conduct on appeal fell below an objective standard of reasonableness, the Court is not required to examine the element of prejudice.

### III. CONCLUSION

For the reasons stated, the Court will deny George's motion pursuant to 28 U.S.C. § 2255. A certificate of appealability is appropriate only if the petitioner "has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). There being no "substantial showing" that George's constitutional rights were violated, a certificate of appealability will not be issued. *See United States v. Eyer,* 113 F.3d 470 (3d Cir. 1997); 3rd Cir. Local Appellate Rule 22.2 (2011). An appropriate order follows.

*George v. United States*
D.C. CV. NO. 2010-068
D.C. CR. NO. 2003-020
Memorandum Opinion
Page 18

   **DATED** this <u>26</u> day of October 2011.

                   **E N T E R:**

                   /s/ Raymond L. Finch
                   _____
                   **RAYMOND L. FINCH**
                   **SENIOR DISTRICT JUDGE**